## RUSSELL vs. CONWAY.

*Twelfth District Court, for San Francisco Co., October,* 1857.

OFFSET—COMPLAINT.

A judgment against a vessel will be offset against a judgment obtained by the owner of
the vessel against the first judgment creditor.

In a bill filed by the owner to obtain such an offset, a description of the vessel as "the
property of plaintiff," is a sufficient allegation of ownership.

The complaint in this action alleges, substantially, that plaintiff, Russell, brought an action against the defendant, in the United States District Court, to recover damages sustained by the bark "Madonna," belonging to plaintiff, by a collision with the "Elvira," the property of the defendant; that the "Elvira" was seized and released; that in said action plaintiff recovered, on the 7th February, 1855, $1640 damages, and $286 65 costs, against defendant, and the two sureties on the release bond; that they are all three insolvent; that on the 22d of September, 1855, Conway obtained a judgment for the same cause of action against these plaintiffs in this court, for $1226 13, and for $122 50 costs; that defendant, Scannell, as sheriff of this county, is about to collect the same; that defendant, Brooks, claims to be the owner of the said judgment against plaintiffs; that this assignment was made to defeat plaintiff's right of set-off; that plaintiffs are unable to collect their decree against Conway, and the two sureties; that Conway's judgment now amounts to $1700, and plaintiff's decree to $2300; · that plaintiffs are bound to pay the amount of said judgment; wherefore they pray for an injunction, restraining Scannell from collecting the same; that upon final hearing the same be made perpetual, and that their decree be set off against the judgment of Conway.

The complaint is demurred to on the grounds, first, that it does not set forth a sufficient cause of action; and second, that the court has not jurisdiction in the premises.

Pending the action a motion was made to dissolve the injunction, when the merits of the action were argued.

*Whitcomb, Pringle & Felton,* for plaintiffs.

*B. S. Brooks,* for defendants.

*B. S. Brooks,* for the motion:

I. It is not alleged that the defendants have any claim against the plaintiffs, nor do they pretend to have any. 2 *Story Eq. Jur.*, §1437; Aiken vs. Satterlee, 1 *Paige,* 289; Lindsay vs. Jackson, 2 *ib.*, 582; Gay vs. Gay, 10 *ib.*, 376; Murray vs. Toland, 3 *Johns. Ch.*, 374; Dall vs. Cook, 4 *ib.*, 11; Graves vs. Woodbury, 4 *Hill,* 560; Collins vs. Evans, 1 *Dev. & Bal. Eq.*, 306; Bunting vs. Richs, 2 *ib.*, 130; Clark vs. Cost, 1 *Craig & Phil.*, 154; Howe vs. Sheppard, 2 *Sumner,* 409; Genley vs. Jones, 6 *J. J. March,* 153.

Nor is it even alleged that plaintiffs are owners of the " Madonna," against which defendant's judgment is taken.

II. Plaintiffs allege that in another court they obtained judgment against the " Elvira," for a collision by the " Elvira " *against* the " Madonna ;" but, by the judgment of this court, it appears that the " Madonna " *caused* the collision, which record they cannot evade.

III. The right of set off in equity is in the *discretion* of the court. To admit a set off of plaintiff's judgment would be to admit its equity, and of necessity the injustice of the judgment of this court. Can this court thus stultify its own decision? Davidson vs. Geoghagan, 3 *Bibb,* 233; Scott vs. Rivers, 1 *Stur. & Porter,* 24; Burns vs. Thornburgh, 3 *Waits,* 78; Tolbert vs. Harrison, 1 *Bailey,* 599; Coye vs. State Bank, 3 *Hal.*, 172.

IV. Defendant's judgment having been obtained after plaintiff's, and, it is alleged, for the same cause of action, plaintiffs should have pleaded their judgment in bar of the action against them, and having failed to do so, have no standing in a court of equity.

V. Their submitting to a second trial in this court was a *waiver* of their decree, obtained in admiralty, and was like voluntarily assenting to a new trial.

VI. There was no right of the plaintiffs to a set off when the assignment to the defendant, Brooks, was made. If he had collected the judgment, he would have been entitled to appropriate the money to pay the debt due him from Conway.* Having secured also the legal

* For legal services rendered in the conduct of the cause

Russell vs. Conway.

title, his right is superior in equity. Howe vs. Sheppard, 2 *Sum.*, 409; Makepeace vs. Coats, 8 *Mass.*, 451; Williams vs. Evans, 2 *McCord*, 203; Duncan vs. Bloomerstock, *ib.*, 318; Graves vs. Woodbury, 4 *Hill*, 561; Tallant vs. Harrison, 1 *Bailey*, 599; Duncan vs. Calhaitte, 1 *Browne*, 47.

VII. If there was any validity in plaintiffs' judgment, they should have assigned it to the present owners of the "Madonna," or to whoever else is liable to pay it. Gilman vs. Slycksal, 7 *Cowen*, 469; see also 2 *Story Eq. Jur.*, §§ 1435–36; Green vs. Darling, 5 *Mason*, 201; Pierson vs. Meany, 3 *A. K. Marsh*, 6; Hackett vs. Connett, 2 *Edw.*, 73; Wythe vs. O'Brien, 1 *Smi. & Stu.*, 551; Smith vs. Londerstal, *Barb., S. C.*, 696; Miller vs. Rec. of Franklin Bank, 1 *Paige*, 444; Runson vs. Samuel, 1 *Craig & Phil.*, 154; Mahon vs. Scully, 2 *Hogan*, 194.

*Whitcomb, Pringle & Felton*, opposing the motion:

I. A bill in equity is the proper proceeding to set off two debts, where there is any claim of a third party to interfere with an ordinary motion for a set off. Simpson vs. Hart, 14 *Johns*, 74; Gay vs. Gay, 10 *Paige*, 369: Barbor vs. Spencer, 11 *Paige*, 517.

II. The party should proceed in the court where the judgment against him is obtained. Cook vs. Smith, 7 *Hill*, 186.

III. The parties against and in favor of whom these judgments are obtained, are substantially the same. There is as much identity as exists in the case of Barrett vs. Barrett, 8 *Pick.*, 341, and Driggs vs. Rockwell, 11 *Wend.*, 504. The "Madonna" is a mere nominal party. A judgment against a party's property is a judgment against him, for here he cannot be held but by his property.

IV. As to the assignment to Brooks, see *Practice Act*, § 5; Green vs. Hatch, 12 *Miss.*, 195; Jenkins vs. Brewster, 14 *ib.*, 294; Jones vs. White, 13 *ib.*, 307; Barbor vs. Spencer, 11 *Paige*, 517; Gay vs. Gay, 10 *ib.*, 396; Duncan vs. Bloomstock, 2 *McCord*, 318; Williams vs. Evans, *ib.*, 203.

V. An assignment to defendant's *attorney* cannot defeat plaintiffs' right of set off. Cooper vs. Bigelow, 1 *Cowen*, 206; Crocker vs. Claughly, 2 *Ducr*, 684; and particularly Morris vs. Hollis, 2 *Harrington*, (*D.l.*) 4.

NORTON, J.—This is a bill addressed to the chancery powers of the

27

court, to offset judgments. It appears that defendant, Conway, is insolvent, and a wholly irresponsible person. It is well settled, upon authority, that in cases of counter claims of this kind, between two parties, and especially if one is insolvent, courts, endowed with chancery powers, will employ them to offset the claims at the instance of the responsible party; and the bill being filed by Russell in this instance, it presents a proper case for the exercise of the equity jurisdiction of the court. There are several objections, which have been raised by defendant's counsel, of which the principal is, that the action in which Conway obtained his judgment, was not against Russell, but against the "Madonna." But the judgment is substantially against Russell. Making a vessel a defendant is but a legal fiction. The owner is the real party.

The fact that the act which authorizes this proceeding, also allows *him* to come in and defend, and requires the surplus proceeds of a sale to be paid to him, would seem to show that the law contemplates him as the real defendant, to such an extent, that, in an action like the present, this objection cannot be well sustained. The next point is, that, even if it be conceded that a judgment against a *vessel* will authorize her *owner* to offset it, yet in this case it is not distinctly averred that plaintiffs are owners of the "Madonna." Although this is not done in express terms, yet it is alleged that Conway's action was brought against the "Madonna," "the property of the plaintiffs," and also that the plaintiff is bound to pay the judgment.

I think these are sufficient.